# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| KURTIS M. CULBERT, | |
| Plaintiff, | No. C13-2012-LRR |
| vs. | **ORDER** |
| TONY THOMPSON, R. BOESCHEN, LIEUTENANT HERBST, DEPUTY KNIPPER, DEPUTY SHIMP, | |
| Defendants. | |

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1), filed on February 1, 2013, complaint (docket no. 1-1), filed on February 1, 2013, supplement (docket no. 3), filed on February 8, 2013, motion to appoint counsel (docket no. 4), filed on February 8, 2013, motion for preliminary injunction or temporary restraining order (docket no. 5), filed on February 8, 2013, notice of discovery (docket no. 6), filed on February 8, 2013, second supplement (docket no. 7), filed on February 26, 2013, declaration (docket no. 8), filed on March 29, 2013, second motion to appoint counsel (docket no. 9), filed on March 29, 2013, motion to compel discovery (docket no. 10), filed on March 29, 2013, third supplement (docket no. 11), filed on March 29, 2013, fourth supplement (docket no. 12), filed on March 29, 2013, motion for default entry (docket no. 13), filed on April 3, 2013, second declaration (docket no. 14), filed on April 3, 2013, motion to file amended complaint (docket no. 15), filed on April 16, 2013, notice of consent to prepare declarations for others (docket no. 16), filed on April 17, 2013, and declarations of inmates (docket no. 17), filed on April 17, 2013.

Based on the plaintiff's application and certificate of inmate account (docket no. 1), it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be

granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deems it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly deposits, the court finds that the initial partial filing fee is $11.16. *Id*. The plaintiff shall submit $11.16 by no later than May 22, 2013. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

As to the plaintiff's notice of discovery (docket no. 6), motion to compel discovery (docket no. 10) and motion for default entry (docket no. 13), the plaintiff misunderstands the nature of proceeding under 28 U.S.C. § 1915. Requesting discovery and default are premature because the court has not conducted an initial review of the plaintiff's pleadings. If discovery is warranted, it will be established by a scheduling order. And, default entry is not appropriate because service upon the defendants has never been authorized and effectuated. So, these motions shall be denied.

Regarding the plaintiff's requests for appointment of counsel, the court's determination is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record, the court finds that appointing an attorney is not necessary. Accordingly, the motion to appoint counsel (docket no. 4) and second motion to appoint counsel (docket no. 9) shall be denied.

Concerning the plaintiff's complaint (docket no. 1-1), supplement (docket no. 3), motion for preliminary injunction or temporary restraining order (docket no. 5), second supplement (docket no. 7), declaration (docket no. 8), third supplement (docket no. 11), fourth supplement (docket no. 12), second declaration (docket no. 14), motion to file amended complaint (docket no. 15), notice of consent to prepare declarations for others (docket no. 16), and declarations of inmates (docket no. 17), they do not comply with the Federal Rules of Civil Procedure. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction" a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity.

The plaintiff's claims are not simple, concise and direct. It is evident from the record that the plaintiff inundated the court with filings. Because he sought to name additional defendants, to add additional plaintiffs, to expand on his claims that relate to the lack of unlimited access to soap, toothbrush, toothpaste, paper, legal materials, a bible and a Quran in his cell, to raise an unrelated claim that pertains to the criminal legal system, including that nobody will acknowledge that he robbed the U.S. Bank against his will, and

to submit exhibits after filing his original pleading, the record is very difficult to review. Stated differently, the court finds that it is extraordinarily hard to discern what claims the plaintiff is actually asserting against the named defendants. Given the record, the court is of the opinion that the matter is best addressed by requiring the plaintiff to file an amended and substituted complaint. The plaintiff shall file by no later than May 22, 2013 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff shall only state what each defendant personally did, or failed to do, which resulted in harm to him. The plaintiff shall refrain from speaking on behalf of other inmates and giving legal arguments.[1] The plaintiff should attempt to limit the "statement of claim" portion of his complaint to three pages, written on one side of the paper and double-spaced. And, the plaintiff shall state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended and substituted complaint by May 22, 2013, this action will be dismissed. If necessary, the plaintiff may request in a written motion an extension of time to file an amended and substituted complaint. The clerk's office shall send the plaintiff the form that is regularly used by those who seek relief under 42 U.S.C. § 1983. If he so chooses, the plaintiff may complete and submit it as his amended and substituted complaint.

So, the plaintiff's motion for a preliminary injunction or temporary restraining order (docket no. 5) shall be denied. The plaintiff's motion to filed an amended complaint (docket no. 15) is granted. The court, however, will not rely on every filing that the plaintiff submitted. Rather, as previously stated, the court will afford the plaintiff with an

---

[1] The plaintiff is not entitled to represent other inmates. If the other inmates referred to by the plaintiff are so inclined, they can commence a separate action by submitting a complaint and either the filing fee or an application to proceed in forma pauperis. Therefore, the court concludes that no other inmates are properly named as plaintiffs.

5

opportunity to file an amended and substituted complaint and conduct the necessary review once it is filed. Finally, the plaintiff should be aware that any claims that are not realleged in his amended and substituted complaint will be deemed abandoned by the court. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[2]

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

2) The clerk's office is directed to file the complaint (docket no. 1-1) without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $11.16 by no later than May 22, 2013. The clerk's office is directed to dismiss without prejudice this action, unless either the initial partial filing fee of $11.16 is received by May 22, 2013 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

---

[2] The court notes that a cursory review of the plaintiff's claims suggest that they are frivolous and/or malicious. It appears that the plaintiff is complaining about the ordinary incidents of prison life and that the plaintiff is not being subjected to cruel and unusual punishment as a result of his placement in segregation. At a minimum, there is no basis to conclude that a preliminary injunction is justified.

5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

6) The plaintiff's motion to compel discovery (docket no. 10) and motion for default entry (docket no. 13) are denied.

7) The plaintiff's motion to appoint counsel (docket no. 4) and second motion to appoint counsel (docket no. 9) are denied.

8) The plaintiff is directed to file by no later than May 22, 2013 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff is directed to only state what each defendant personally did, or failed to do, which resulted in harm to him. The plaintiff is directed to refrain from speaking on behalf of other inmates and giving legal arguments. The plaintiff is encouraged to limit the "statement of claim" portion of his complaint to three pages, written on one side of the paper and double-spaced. And, the plaintiff is directed to state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983.

9) Unless the plaintiff files an amended and substituted complaint by May 22, 2013 or the court grants an enlargement of time to file an amended and substituted complaint, the clerk's office is directed to dismiss without prejudice this action.

10) The clerk's office is directed to send the plaintiff the form that is regularly used by those who seek relief under 42 U.S.C. § 1983.

11) The plaintiff's motion for a preliminary injunction or temporary restraining order (docket no. 5) is denied.

12) Consistent with the foregoing, the plaintiff's motion to file amended complaint (docket no. 15) is granted.

13) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**DATED** this 22nd day of April, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Black Hawk County Jail, Waterloo, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Kurtis M. Culbert, #00108429, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Culbert v. Thompson, et al.*, Case No. C13-2012-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $11.16, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $11.16, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*KJorgensen*
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa